2. The only remaining questions in this case are those with reference to the rulings on the various demurrers filed by the defendant. The first ground of demurrer which will be considered here attacks the sufficiency of the verification of the petition. The petition was verified by affidavit of the solicitor-general, who in the affidavit affirmed on oath "that the foregoing facts are true to the best of his knowledge and belief." Code § 81-110 provides: "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." In the instant case, there were no "other satisfactory proofs," but the solicitor-general relied only on the above affidavit. A verification of a petition by a person to the effect "that the allegations contained therein are true and correct to the best of his information and belief" is not a positive verification as contemplated by Code § 81-110. *Byrd* v. *Prudential Insurance Co.,* 182 *Ga.* 800 (187 S. E. 1). See also *Grizzel* v. *Grizzel,* 188 *Ga.* 418, 422 (3 S. E. 2d 649), and *Kilgore* v. *Paschall,* 202 *Ga.* 416 (43 S. E. 2d 520). It therefore follows that the petition in the instant case was not positively verified as required by Code § 81-110, and the demurrer of the defendant raising the question should have been sustained.

3. The other grounds of the demurrers have been carefully considered and found to be without merit.

4. For reasons stated in division 1 of this opinion, the judgment of the court below was error and must be

*Reversed. All the Justices concur.*

Argued February 9, 1959—Decided March 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20366.   STRICKLAND *v.* HAYES, Solicitor-General.

Wyatt, Presiding Justice. This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise

*Reversed. All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20367.   LEE *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20368.   TURNER *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20369.   ROZIER *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*